# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUES GREGORY McCLORIN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY** | : | **NO. 18-1464** |

## MEMORANDUM

**SAVAGE, J.**  **APRIL 18, 2018**

Plaintiff Marques Gregory McClorin, proceeding pro se, brings this action pursuant to 18 U.S.C. § 1983 based on the conditions at the George W. Hill Correctional Facility, where he was recently incarcerated. For the following reasons, the Court shall grant leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

### *FACTS*[1]

Mr. McClorin's claims arise out of his allegation that the George W. Hill Correctional Facility was overcrowded during his incarceration there from November of 2017 through March of 2018. Specifically, he alleges that he was held in the booking unit for four (4) days, where he had to sleep "on the hard, dirty, cold floor with 15 other strangers." Compl. at 3. Mr. McClorin subsequently spent seven (7) days in the intake/classification unit. *Id.* He alleges that while there, he was housed with two other individuals and "slept in a boat on the floor next to a (leaking) toilet." *Id.*

Mr. McClorin was "finally" sent to his unit, "where [he] stayed in a boat until 12-4-17." *Id.* Every time he tried to move to another cell, "the inmates [would] always get their friends or threaten [him] not to move cells." *Id.* Mr. McClorin claims that

---

[1] The facts are taken from the Complaint and attachments to the Complaint.

correctional officers "had [their] favorites and put who they wanted in 2 man cells." *Id.* He contends that the living conditions were "terrible" because he had to sleep "in a cold boat on the floor next to a smelly, runny toilet." *Id.* He was moved to a two-man cell after December 4, 2017. *Id.* Mr. McClorin asserts that "[his] back was always hurting." *Id.* at 4.

## *STANDARD OF REVIEW*

Because it appears that he is not capable of prepaying the fees to commence this action, leave to proceed *in forma pauperis* will be granted. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the complaint if it fails to state a claim.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). Because Mr. McClorin is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## *DISCUSSION*

Mr. McClorin has named the George W. Hill Correctional Facility as the sole defendant in this action. His claims against the facility must be dismissed because "'[t]he George W. Hill Correctional Facility is not a legal entity susceptible to suit.'" *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, C. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Therefore, Mr. McClorin cannot maintain his § 1983 claim against the George W. Hill Correctional Facility.

Mr. McClorin's claims also fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Because Mr. McClorin's status during his incarceration is not clear from the Complaint, the Court shall analyze the Complaint under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish the prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court considers the totality of the circumstances. *See, e.g.*, *Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Mr. McClorin asserts that he was confined with multiple inmates in areas and/or cells of indeterminate size for relatively short periods of time. Without more, his allegations fail to state a claim because they do not plausibly establish that the conditions of confinement at the George W. Hill Correctional Facility amounted to punishment or deprived him of any basic human need such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees

had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Although Mr. McClorin alleges that his back was always hurting, he does not allege how that ailment relates to the conditions of his confinement. Nor does he allege that he was denied treatment for his condition.

## *CONCLUSION*

For the foregoing reasons, the Court will dismiss Mr. McClorin's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Mr. McClorin filing an amended complaint in the event he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

/s/TIMOTHY J. SAVAGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUES GREGORY McCLORIN** | : | **CIVIL ACTION** |
| **v.** | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY** | : | **NO. 18-1464** |

## ORDER

**NOW**, this 18th day of April, 2018, upon consideration of the Motion to Proceed *In Forma Pauperis* (ECF No. 1) and the *pro se* Complaint (Document No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

3. Mr. McClorin is given leave to file an amended complaint within thirty (30) days of the date of this Order if he can cure the defects noted in the Memorandum to state a plausible claim. Any amended complaint shall be a complete document that identifies all of the defendants in the caption and in the body, and shall describe in detail the bases for his claims against each defendant.

4. Upon the filing of an amended complaint, the Clerk of Court shall not make service until ordered by the Court.

5. The Clerk of Court shall send Mr. McClorin a blank form complaint to be used by a *pro se* litigant filing a civil action bearing the Civil Action Number.

6. If Mr. McClorin does not file an amended complaint within thirty (30) days, his case will be dismissed for failure to prosecute.

/s/TIMOTHY J. SAVAGE